MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:    F. JAMES LOPREST, JR. (FJL:3210)
Special Assistant United States Attorney
86 Chambers Street, Room 410
New York, New York 10007
Tel. No.:  (212) 637-2728

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
XIN PING ZHU (A75 351 143), YIAN JIANG          :
(A75 351 144), LIANG JIANG (A75 351 145), and
SHENGLI WENG (A73 677 475),                            :

                        Plaintiffs,                            :

                      - v. -                                        :

U.S. CIS NEBRASKA SERVICE CENTER,              :

                        Defendant.                            :
------------------------------------------------------------------------x

<u>ANSWER</u>

08 Civ. 1246 (WHP)

ELECTRONICALLY FILED

       Defendant United States Citizenship and Immigration Services ("CIS") Nebraska Service Center ("defendant" or "Government"), by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby answers the complaint of plaintiffs Xin Ping Zhu (A75 351 143), Yian Jiang (A75 351 144), Liang Jiang (A75 351 145), and Shengli Weng (A73 677 475) (collectively, "plaintiffs"), upon information and belief, as follows:

       1.     Neither admits nor denies the allegations in paragraph 1 of the complaint because they constitute plaintiffs' characterization of this action, prayer for relief, and/or conclusions of law, to which no response is required; except admits that plaintiffs have submitted application ("adjustment applications" or "Form I-485 applications") to the CIS's Nebraska Service Center, seeking discretionary adjustments of their respective immigration statuses to that of lawful permanent

resident of the United States, pursuant to §§ 209(a) and 245(a) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. §§ 1159(a) & 1255(a); and avers that the applications of plaintiffs Xin Ping Zhu, Yian Jiang, and Liang Jiang have been approved by the CIS, and that only the adjustment of plaintiff Shengli Weng remains pending with the CIS; and respectfully refers the Court to the documents attached to the complaint and referred to in paragraph 1 for true and accurate statements of their contents.

2.     Neither admits nor denies the allegations in paragraph 2 because they constitute conclusions of law, to which no response is required; and respectfully refers the Court to the statute cited in paragraph 2 for an accurate statement of its provisions. To the extent that a further response to the allegations in paragraph 2 is required, defendant denies the allegations.

3.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 3; except admits that Xin Ping Zhu, Yian Jiang, and Liang Jiang submitted adjustment applications to the CIS on or about June 21, 2000; and avers that the CIS has granted those adjustment applications.

4.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 4; except admits that: (1) Shengli Weng was granted asylum in the United States on a conditional basis on or about May 15, 1999; (2) the condition was removed on or about June 1, 2001; and (3) Shengli Weng submitted an adjustment application to the Immigration and Naturalization Service (the CIS's predecessor agency) on or about June 10, 2002. In further response to the allegations in paragraph 4, defendant avers that: (1) Shengli Weng seeks adjustment of immigration status based upon his conditional grant of asylum in the United States, pursuant to INA § 208(a), 8 U.S.C. § 1158(a); (2) the basis of his eligibility for asylum was initially conditional

because Congress, in former INA § 207(a)(5), 8 U.S.C. § 1157(a)(5), limited to 1,000 per annum the number of aliens who may be granted asylum in the United States based on their claimed opposition to coercive family-planning laws; (3) Congress, in former INA § 209(b), 8 U.S.C. § 1159(b), further limited to 10,000 per annum the number of aliens to whom it may extend discretionary grants of adjustment of status based on those aliens having been granted asylum in the United States, pursuant to INA § 208(a), 8 U.S.C. § 1158(a); (4) the CIS maintains a waiting list of aliens who have been found eligible for grants of asylum based upon their claimed opposition to coercive family-planning laws; (5) applicants on the waiting list are ranked according to the priority of the date on which they were found eligible for asylum; and (6) the applications are currently being adjudicated by the CIS's Nebraska Service Center, located in Lincoln, Nebraska.  In further response to the allegations in paragraph 4, defendant avers that on May 11, 2005, President Bush signed into law the Real ID Act of 2005, provisions of which amended: (1) INA § 207(a)(5), 8 U.S.C. § 1157(a)(5), by eliminating the annual cap on the number of aliens who may be granted political asylum based on their claimed opposition to coercive family-planning laws; and (2) INA § 209(b), 8 U.S.C. § 1159(b), by eliminating the annual cap on the number of aliens to whom the CIS may extend grants of adjustment based on grants of asylum, see Real ID Act of 2005, Pub. L. No. 109-13, Title I, § 101(g)(1)(A), 119 Stat. 231, 235 (May 11, 2005).  In further response to the allegations in paragraph 4, defendant avers that until the enactment of the Real ID Act, plaintiff was not eligible for asylum-based adjustment, because of the relatively low priority of his application on the waiting list compared to earlier-filed applications.

     5.     Denies the allegations in paragraph 5.

6. Neither admits nor denies the allegations in paragraph 6 because they constitute conclusions of law, to which no response is required. To the extent that a further response to the allegations in paragraph 6 is required, defendant denies the allegations.

### AS AND FOR A FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

### AS AND FOR A SECOND DEFENSE

Plaintiffs' claims are unripe for review.

### AS AND FOR A THIRD DEFENSE

Plaintiffs have failed to exhaust administrative remedies.

### AS AND FOR A FOURTH DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A FIFTH DEFENSE

Plaintiffs have failed to show they are owed a peremptory duty that defendant has refused to perform.

### AS AND FOR A SIXTH DEFENSE

Mandamus will not lie against defendant to control the exercise of its administrative judgment and discretion.

### AS AND FOR A SEVENTH DEFENSE

Shengli Weng is not properly joined as a plaintiff in this action.

### AS AND FOR AN EIGHTH DEFENSE

Plaintiffs' claims are moot in light of the CIS's having granted the adjustment applications filed by Xin Ping Zhu, Yian Jian, and Liang Jiang.

AS AND FOR A NINTH DEFENSE

Because the CIS was formerly constrained to limit to 1,000 per annum the number of aliens who may be granted asylum in the United States based on their claimed opposition to coercive family-planning laws, and to further limit to 10,000 per annum the number of aliens to whom the Government may extend discretionary grants of adjustment of status based on those aliens' grants of asylum, Shengli Weng was not eligible for such adjustment (because of the relatively low priority of his application on the waiting list compared to earlier-filed applications) until the enactment of the Real ID Act.  See Saleh v. Ridge, 367 F. Supp. 2d 508, 511 (S.D.N.Y. 2005) (dismissing complaint seeking to compel adjudication of asylum-based adjustment application; holding that alien's "request for adjudication [of his adjustment application] disregards entirely the fact that there are 160,000 applications pending aside from his own").

AS AND FOR A TENTH DEFENSE

Venue is not proper in this District.

WHEREFORE, defendant respectfully requests that this Court enter judgment dismissing the complaint in its entirety and for such other relief as this Court deems proper.

Dated: New York, New York
       April 15, 2008

                    MICHAEL J. GARCIA
                    United States Attorney for the
                    Southern District of New York
                    Attorney for Defendant

By: /s/ _____
    F. JAMES LOPREST, JR.
    Special Assistant United States Attorney
    86 Chambers Street, Room 410
    New York, New York  10007
    Tel. No.:  (212) 637-2728

- 6 -

TO:   ALFRED SIU LUI, ESQ.
      33 Bowery, Suite C201
      New York, New York 10002